# Workingmen's Building and Loan Association *versus* Roumfort.

A., holding an order upon the treasurer of a building association for a certain sum, presented the same, but was refused payment. He pressed the treasurer, however, and finally obtained from him his individual note for the amount due, drawn to the order of B. & C., and by them indorsed. At maturity B. & C. took up the note and paid A. the full amount thereof. A. subsequently brought suit against the association for the amount of the original order. After issue joined, that suit was marked to the use of B. & C. who, however, protested formally against this action. *Held*, that the fact that B. & C. had indorsed and taken up the treasurer's note under the mistaken impression that they were his sureties to the association, did not entitle A. to recover against the said association in the above suit. *Held* further, that the formal protest by B. & C. against marking the suit to their use, prevented any of their rights being passed upon therein.

May 19th 1881. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, Sterrett, and Green, JJ.

Error to the Court of Common Pleas of *Dauphin county*: Of May Term 1881, No. 129.

This was an action of assumpsit by Charles E. Roumfort against the Workingmen's Building and Loan Association, to recover the amount of a certain withdrawal order, drawn by the treasurer of the said association in favor of the plaintiff. Defendant pleaded non assumpsit, payment with leave, &c. After issue joined, the suit was marked to the use of George Faerster and William Hamer. Subsequently a protest was filed of record by said Faerster and Hamer against having the suit marked to their use.

On the trial of the cause, before Henderson, J., the facts of the case appeared to be as follows: Plaintiff, being a member of the association defendant, gave notice of withdrawal

[Workingmen's Building and Loan Association *v.* Roumfort.]

therefrom on January 28th 1878. The President and Secretary thereupon drew, on February 5th 1878, an order in plaintiff's favor, upon Luerssen, treasurer of the association, for the amount to which plaintiff was entitled on withdrawing, viz. : $727.50. There not being sufficient funds then in the treasury to cash the order, the same was retained by the secretary. By February 27th a sufficient sum had been collected, and the order was accordingly on that day handed by the secretary to the plaintiff, who at once presented it to Luerssen. Luerssen, however, declined to pay the order, but being pressed by plaintiff, at length, on March 16th 1878, gave to him a check for the amount, post-dated by four days. This check was on the Mechanics' Bank of Harrisburg, and was drawn by Luerssen · as treasurer of the association. Plaintiff presented the check at the bank on March 20th 1878, but was told that the association was not in funds. He then went again to Luerssen and demanded his money. On April 4th 1878, he at length received Luerssen's individual note for the amount, payable thirty days from date, drawn to the order of George Faerster and William Hamer, and by them indorsed. On maturity the note was taken up by the indorsers, the plaintiff receiving from them the full amount thereof. On October 31st 1878, plaintiff instituted the present suit, to recover from the association defendant the full amount of his withdrawal order.

The plaintiff called William Hamer as a witness, and offered to show by said witness that he never was the bail to the defendant for Luerssen, treasurer, and that he was informed by plaintiff that he and George Faerster were his (the treasurer's) sureties, and responsible for his non-payment of the order of February 5, 1878, and finally, believing that he and Faerster were bail, they gave their own or indorsed the note of Luerssen for the amount due Roumfort by defendant in the spring of 1878; and that, at maturity thereof, still believing they were sureties for Luerssen, they paid the note, and that they, Faerster and Hamer, have since, and before this suit commenced, brought suit and have recovered an award of arbitrators against Roumfort for the amount paid, with interest.

Objected to by defendant.

THE COURT.—It having been alleged and offered to be proved by the defendants that this order in question, as well as the check given for it, were subsequently paid by a note of Luerssen, indorsed, &c., this testimony is now admitted as explanatory of the entire transaction. So much of the offer, however, as relates to a suit and award of arbitrators in same by Faerster and Hamer against Roumfort is rejected. Exception. (First assignment of error.)

[Workingmen's Building and Loan Association *v.* Roumfort.]

The plaintiff requested the court to charge *inter alia :* "If the jury find that William Hamer and George Faerster paid C. E. Roumfort by mistake, then, in law, a payment by a stranger is *prima facie* a purchase of the claim, not an extinguishment of it, and on a verdict for the plaintiff the court can make a proper appropriation of the fund." *Answer :* "We do not see the force of the proposition. This suit is marked for the use of George Faerster and William Hamer, *the equitable plaintiffs,* and the court can protect their interests in it in case of recovery." Exception. (Sixth assignment of error).

The court charged *inter alia,* as follows : "It is contended by the defendant that the order and check were fully paid and satisfied by the acceptance of the individual note of Luerssen at thirty days; that it was payment to the plaintiff, and as such accepted by him. This is a question entirely for the jury. And it will be observed that the note was drawn by Luerssen in his individual capacity, and not as treasurer; also, that additional time was given, the note being made payable at thirty days, to the order of George Faester and William M. Hamer, substantially, in appearance at least, a new and distinct transaction. On the face the sureties appear as accommodation indorsers, and the payment of the note by them would not extinguish it. [But it is urged that they indorsed the note under a mistake of fact, believing at the time, as represented to them, that they were the sureties on the treasurer's bail bond, and that Roumfort was liable to be called upon to repay the money to them; that a suit has been brought to recover it. The question of Roumfort's liability to repay to the indorsers is not involved here, and whether he is, or is not, does not affect the liability of this defendant.] They, as accommodation indorsers, have all the rights of Roumfort against Luerssen. [The question for you to determine is whether or not this note was accepted in payment of the claim and in release of the association. If it was accepted in payment and satisfaction of the claim the plaintiff cannot recover. If, however, it was only taken as additional or collateral, for it does not appear that the check was given up, it does not extinguish the claim against the association. It is true, however, if the order is still unpaid, if it was not paid by Luerssen, it has not been paid by the association, and it is not in the mouth of the association to set up a payment by a volunteer under a mistake of fact.]" The portions of the above charge included within brackets were excepted to by defendant, and constituted respectively the tenth and eleventh assignments of error.

Verdict and judgment for the plaintiff in the sum of $143.12. Defendant thereupon took this writ, assigning for

error, *inter alia*, the admission of plaintiff's offer of evidence, the answer to plaintiff's point above cited, and the portions of the charge of the court above set forth included within brackets.

*Wallace De Witt* (with whom was *M. W. McAlarney*), for the plaintiff in error.—The acceptance by Roumfort of the indorsed note amounted to payment. The transaction had every element of a perfect accord and satisfaction. The thing received was of legal value and was altogether effectual and valid. The accord was, besides, executed. There was an acceptance of a higher security from the debtor : Jones *v.* Johnson, 3 W. & S. 276. There was also additional consideration given by the debtor to the creditor, viz. : new security : Weakly *v.* Sterling, 9 Watts 280 ; McIntyre *v.* Kennedy, 5 Casey 454 ; Brown *v.* Scott, 1 P. S. Smith 357 ; Hooker *v.* Hubbard, 97 Mass. 177 ; Sellars *v.* Johnson, 65 N. C. 104. All these circumstances prove that the note was accepted as payment. The obligation of the association to plaintiff was therefore discharged, and the questions arising between him and the indorsers of the note have nothing to do with the present case. The rights of those indorsers cannot be settled in the present suit, they having expressly protested against the marking of the suit to their use.

*Levi B. Alricks* and *Hamilton Alricks*, for the defendant in error.—There was no agreement on the part of plaintiff to accept the note as payment. The presumption, therefore, is that it was received as collateral. Whether it was or not is for the jury : Wesley Church *v.* Moore, 10 Barr 278 ; Oliphant *v.* Church, 7 Harris 318 ; Hart *v.* Boller, 15 S. & R. 163 ; Weakly *v.* Sterling, 9 Watts 280 ; McIntyre *v.* Kennedy, 5 Casey 454 ; Brown *v.* Scott, 1 P. F. S. 357. While it is true that plaintiff has realized on this collateral, yet there has been properly no payment, because the indorsers from whom he received the money were mistaken as to their liability, and may recover back from plaintiff the sum paid by them to him.

Circuity of action is avoided by allowing a recovery in this suit without waiting until plaintiff has been sued by the indorsers, because, the suit being marked to the use of those indorsers, they will thus be at once reimbursed.

Mr. Justice MERCUR delivered the opinion of the court, October 3d 1881.

On withdrawing from the association the defendant in error ·

accepted an order on the treasurer of the company, duly signed by the president and secretary, for the sum the former was entitled to receive. The order was dated on the 5th of February, but was not handed to him until the 27th. At its date the money in the hands of the treasurer was not sufficient to pay it. Its delivery was therefore withheld, until other and sufficient funds had been put into his hands. At the time of its delivery the funds were sufficient. Failing to get the money on the order, on the 16th of March he gave it to Luerssen, the treasurer, taking his check dated four days thereafter for the amount. On presenting this check at bank there was no money to meet it. On the 4th of April, in place of this check, he took the note of Luerssen, at thirty days with interest, payable to the order of George Faerster and William M. Hamer, and by them indorsed. They paid the note before or at maturity, so the defendant in error received the money before he commenced this suit.

It is not necessary to discuss the question whether giving time and taking the note with security operated as a payment of his claim against the association, before the note was actually paid, as the case does not stop there. The note was paid. The money was received by the defendant in error, and is still retained by him. He now claims that, inasmuch as Faerster and Hamer indorsed the note of Luerssen under a mistaken belief that they were security for him as treasurer of the association, it gives a right of action to recover the same money of the company. If this note had been given at the request of the company, and the defendant in error had been compelled to repay the money to the indorsers, a different question would arise; but such are not the facts presented here. The court charged " the question of Roumfort's liability to repay to the indorsers is not involved here, and whether he is, or is not, does not affect the liability of this defendant." In this the learned judge erred.

If the debt due the defendant in error has been fully paid to him under an arrangement with Luerssen, who was justly bound to pay it, we cannot see on what principle the association has again become liable to pay it. The court appears to have blended the rights of the defendant in error with the rights of the indorsers. It therefore charged that " the suit is marked for the use of George Faerster and W. H. Hamer, the equitable plaintiffs, and the court can protect their interests in case of a recovery."

Several reasons may be stated why this view is not correct. They were not parties to the action. The suit was brought in the name of the defendant in error alone. After the case was

[Commonwealth *v.* Texas and Pacific Railway Co.]

put at issue he caused the suit to be marked for the use of Faerster and Hamer ; but they afterwards, by their counsel, appeared in court and protested against the suit being so marked, all of which is shown by the record. This was a most unequivocal disclaimer of the submission of any of their rights to be passed upon in the trial of the cause. Having thus withdrawn, the suit stood as if their names had never been put on the record. It should then have been tried as it was commenced, on the exclusive right of the defendant in error. If the indorsers acquired any right of action by reason of their payment of the note, it was either against the defendant in error, or Luerssen, or both of them. A right to recover in this suit depends on the validity of a lawful claim of the defendant in error against the association, and not on the equities of the indorsers. By indorsing and paying the individual note of Luerssen they did not become creditors of the association.

When the order was delivered the latter had enough money in the hands of its treasurer to pay the order. Without so applying it, and after giving a check which was dishonored, he gave this individual note to pay money for which he was personally liable. To discharge his liability to the association he gave his own note to a creditor, to whom it was paid. A misapprehension between the maker and the indorsers of the note as to the liability of the latter as sureties of the treasurer, does not make the association liable to them. There was no privity of contract between it and them. Their purpose was not to pay its debt, but a debt of Luerssen. He had no power to bind the association for the payment of this note, and he did not assume to do so. It follows that the first, tenth and eleventh assignments are sustained, and so much of the sixth as is in conflict with this opinion. We see no error in the remaining assignments.

Judgment reversed and a venire facias de novo awarded.